UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-378-TBR

DIANE COFFEY,                                         Plaintiff,

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,      Defendant.

**MEMORANDUM OPINION**

This matter comes before the Court upon the Motion to Transfer Venue of Defendant Hartford Life and Accident Insurance Company ("Hartford"). (Docket No. 28.) Plaintiff Diane Coffey has responded, (Docket No. 31), and the Defendant has replied. (Docket No. 34.) Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will GRANT Defendant's Motion.

**Background**

Ms. Coffey, a resident of Lyndhurst Virginia, worked for Augusta Health in Fishersville, Virginia. (Docket No. 28-1 at 1.) During her time with Augusta Health, Ms. Coffey participated in in an employee benefit plan ("the Plan"). (Docket No. 28-1 at 2.) The Plan included long-term disability coverage. (Docket No. 28-1 at 2.) Hartford underwrites and insures and serves as the claims administrator for the long-term disability benefits available under the Plan. (Docket Nos. 1 at 2; 9 at 3.) Ms. Coffey filed a claim for long-term disability benefits after she stopped working in January 2012. (Docket No. 1 at 2.) She alleges that she has been continuously disabled since that time and unable to work. (Docket No. 1 at 2.) Hartford originally approved Ms. Coffey's claim, and she received long-term disability benefits from April 11, 2012 to April 10, 2014. (Docket Nos. 1 at 2; 9 at 4.) Hartford subsequently terminated Ms. Coffey's disability

1

benefits. (Docket Nos. 1 at 2; 9 at 4.) Ms. Coffey responded by filing this lawsuit on May 17, 2015. (Docket No. 1.) In doing so, she relies on the broad venue provisions found in the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 502(e)(2), 88 Stat. 829, 892 (codified at 29 U.S.C. § 1132(e)(2) (2012)). To be sure, as a technical matter, venue lies in this District. But whether Ms. Coffey's lawsuit ought to stay here raises a different question that this Court will address below.

**Legal Standard**

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ––– U.S. ––––, ––––, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

In the usual case, the Court evaluates various private- and public-interest factors, always mindful to "give some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to make reluctant witnesses testify, (5) the cost of obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); see also *Atlantic Marine*, ––– U.S. at ––––, 134 S. Ct. at 581 n.6. Public-interest factors comprise the second category. Although more

2

amorphous than the first, these factors involve such matters as (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case, the interest of having the trial in a forum familiar with governing law. *Atlantic Marine*, ––– U.S. at –––, 134 S. Ct. at 581 n.6.

Neither recitation is exhaustive, but each is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

## Discussion

The Court must first ask not only whether this District is a proper venue, but also whether the Western District of Virginia is a proper venue as well. Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (citing *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809–10 (7th Cir. 2002); *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248–49 (9th Cir. 1979)). It is undisputed that Hartford has minimum contacts with this District and with the Western District of Virginia and so "resides or may be found" in either. Therefore, venue is proper not only in this District but also in the Western District of Virginia.

3

The Court must next look at whether the weight of the private- and public-interest factors warrants transferring this action to the Western District of Virginia. After doing so, this Court finds that the weight of the private-and-public-interest factors warrants transferring this action.

While Coffey's decision to litigate in this District tilts against transfer, ultimately, her choice merits little weight. Though the parties disagree that every meaningful event related to Coffey's lawsuit happened outside of Kentucky, overall there is little, if any connection to Kentucky. Notably, Ms. Coffey filed her claim for benefits while living in Virginia. (Docket No. 28-1 at 3.) Additionally, neither Ms. Coffey nor any other relevant party resides in Kentucky. *Cf. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981))).

The only possible connection to Kentucky involves the location where Ms. Coffey's claim was processed and administered, a subject on which the parties disagree. (Docket Nos. 28-1 at 3; 31 at 3-4.) Hartford contends that Ms. Coffey's claim was processed and reviewed by its offices in Simsbury, Connecticut and Minneapolis, Minnesota. (Docket No. 28-1 at 2.) Hartford also states that Ms. Coffey's former employer, Augusta Health located in Virginia, administered the Plan. (Docket No. 28-1 at 2.) Hartford provides a Declaration from Corey Welch, a Hartford Senior Appeals Specialist, to support its position. (Docket No. 28-3 at 1-2.) Alternatively, Ms. Coffey argues that Hartford processes all of its disability claims in Kentucky. (Docket No. 31 at 3.) To support her argument, Ms. Coffey references the return address that Hartford provided on many of its correspondences related to her disability claim. (Docket No. 31 at 3-4.) The return address is for a Post Office Box in Lexington, Kentucky. (Docket No. 31 at 4.) However, the

4

sender is listed as Benefit Management Services, Minneapolis Disability Claim Office. (Docket No. 31 at 4.) A return address to a Kentucky Post Office Box with the Minneapolis Disability Claim Office listed as the sender is not a "substantial connection" to Kentucky as Ms. Coffey suggests. (Docket No. 31 at 4.)[1] With such an insignificant connection to Kentucky, the Court attributes little to Coffey's decision to litigate in this District. *See Virts v. Prudential Life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 106 (D.D.C. 2013) (finding choice of forum deserved little weight where action had no connection with the District of Columbia); *Aucoin v. Prudential Ins. Co. of Am.*, 959 F. Supp. 2d 185, 190–91 (D.D.C. 2013) (same).

For much the same reason, the convenience of the parties also weighs in favor of transfer. "Convenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Boiler Specialist*, 2012 WL 3060385, at *3; *see also* 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3849 (3d ed.), Westlaw (database updated April 2015) ("In determining the relative convenience of the different fora for each party, the court, not surprisingly, considers the residence of the parties."). Ms. Coffey resides in Lyndhurst, Virginia. (Docket No. 28-1 at 1.) Her former employer is located in Fishersville, Virginia. (Docket No. 28-1 at 1.) Hartford is incorporated and maintains its principal place of business in Connecticut. (Docket No. 28-1 at 2.) It would surely be more convenient to prosecute this action in the Western District of Virginia (where Ms. Coffey lives) "rather than traveling hundreds of miles" to litigate in Kentucky. *Joyner v. Cont'l Cas. Co.*, No. 11 Civ. 6005(JSR), 2012 WL 92290, at *2 (S.D.N.Y. 2012); see also *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 31 (D.D.C. 2013) (finding parties' convenience favored transfer where plaintiff resided in Utah but

---

[1] In its Reply, Hartford provides an additional sworn Declaration from Corey Welch, a Senior Appeals Specialist. Welch explains that "[t]he Lexington, Kentucky post office box address listed at the bottom of some of Hartford's letters in the administrative record is simply a mail drop and does not represent a physical office at which Hartford personnel are located. A third party vendor, Xerox, receives correspondence on behalf of Hartford at this mail drop facility . . . and scans it for Hartford's use and electronic storage. No Hartford employees are located at this facility."

5

filed in the District of Columbia); *Aucoin*, 959 F. Supp. 2d at 191–92 (same where plaintiff resided in Arizona).

While Ms. Coffey disputes that conclusion, her disagreement is premised almost exclusively on Hartford's return address attached to many of its forms and correspondences, *see supra*, and the fact that her attorney is located in Louisville, Kentucky. (Docket No. 31 at 6.) The location of counsel, however, is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *Roehl Transp., Inc. v. Kirby*, Civil No. 15-58-GFVT, 2015 WL 7188474, at *3 (E.D. Ky. Nov. 13, 2015) ("[T]he location of counsel is 'irrelevant and improper for consideration' in determining whether to transfer venue." (quoting *In re Horseshoe*, 337 F.3d at 434)); *Mcintosh v. E-backgroundchecks.com, Inc.*, Civil Action No. 5:12-310-DCR, 2013 WL 954281, at *5 (E.D. Ky. Mar. 11, 2013) ("[T]he convenience of counsel is not an appropriate consideration under a § 1404 analysis . . . ."); see also Wright et al., *supra*, § 3850 n.5 (collecting cases). In sum, the parties' convenience favors transfer.

The relative ease of access to sources of proof, the convenience of witnesses, the availability of compulsory process, and the cost of obtaining willing witnesses' testimony favor neither venue. Unlike other civil cases, Ms. Coffey's action likely will be decided using the administrative record on which Hartford relied when it denied her claim. *See Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-CV-243, 2009 WL 703384, at *5 (E.D. Tenn. Mar. 16, 2009); *see also Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2 (W.D. Ky. Mar. 9, 2015). Consequently, those factors are a wash. However, should there be any

6

discovery in this case, none of the witnesses would be in this District. (*See* Docket No. 28-1 at 6.)

But more to the point, the only pertinent public-interest factor tilts heavily toward transfer. Frankly, Ms. Coffey's action has little if any connection to this District. None of the operative facts giving rise to it took place here. According to the sworn Declaration provided by Hartford, the plan is administered outside the District in Virginia, and Ms. Coffey's claim for long-term disability benefits was determined outside the District in Hartford's claim offices in Connecticut and Minnesota. (Docket No. 28-3 at 1-2.) The breach (if any) happened in the Western District of Virginia—the place where payment would be received. *See Cole v. Cent. States Se.*, 225 F. Supp. 2d 96, 98–99 (D. Mass. 2002); A*ngel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Emp. Benefit Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *3 (D. Ariz. Feb. 8, 2010); *see also Coulter v. Office & Prof'l Emps. Int'l Union*, No. 1:03-CV-111, 2003 WL 21938910, at *3 (E.D. Tenn. June 10, 2003) (collecting cases). In light of the Western District of Virginia's significantly greater interest in resolving this litigation, transfer to that District is appropriate. *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999).

**Conclusion**

For the reasons discussed above, the Hartford Life and Accident Insurance Company's Motion to Transfer Venue (Docket No. 28.) is **GRANTED**, and Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Western District of Virginia. An appropriate Order will issue separate from this Memorandum Opinion.

cc: Counsel